**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2827
_____

LAURENCE STONE,

Appellant

v.

BEAR, STEARNS & CO., INC.; J.P. MORGAN SECURITIES LLC;
BEAR, STEARNS SECURITIES CORP.;
BEAR STEARNS ASSET MANAGEMENT INC.

On Appeals from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  2-11-cv-05118)
District Judge:  Honorable Legrome D. Davis

Submitted under Third Circuit LAR 34.1(a)
on October 17, 2013

(Opinion filed: October 29, 2013)

BEFORE:  RENDELL, JORDAN and LIPEZ*, <u>Circuit Judges</u>

_____

*Honorable Kermit V. Lipez, Senior United States Circuit Judge for the Court of
Appeals for the First Circuit, sitting by designation.

## OPINION

**RENDELL,** Circuit Judge:

Laurence Stone appeals from the District Court's denial of his Amended Petition to Vacate an Arbitration Award, and its grant of the Cross-Petition to Confirm that award. We will affirm.

Stone lost millions of dollars investing with Bear Stearns and filed a $7.6 million FINRA arbitration claim seeking to have Bearn Stearns held liable for his losses. The three arbitrators sanctioned Stone for discovery violations and ultimately unanimously rejected all of his claims. After the award was handed down, Stone researched the background of each of the arbitrators, Jerrilyn Marston, whose previously disclosed biography indicated that she had a "Family Member" associated with the University of Pennsylvania. Marston had disclosed to FINRA that her husband was a well-known professor of finance at the Wharton School and that he regularly lectured to brokerage firms, financial consultants, banks, and investors. FINRA never included this information in Marston's biography.

Stone brought this action in the District Court contending that the award should be vacated because Marston had demonstrated "evident partiality" against him by virtue of her purported failure to disclose, 9 U.S.C. § 10(a)(2); the failure to disclose constituted "misbehavior" under 9 U.S.C. § 10(a)(3); and, Marston "exceeded [her] powers" as an

2

arbitrator as provided in 9 U.S.C. § 10(a)(4) because FINRA improperly designated her as a "public arbitrator."

The District Court, in a thoughtful and thorough opinion rejected Stone's arguments. The Court noted that arbitration awards are entitled to extreme deference, Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003), and the statutory grounds for vacatur focus on "egregious departures from the parties' agreed-upon arbitration." Hall St. Assocs. v. Mattel, Inc., 552 U.S. 576, 586 (2008).

The Court not only took issue with Stone's contention that there was "evident partially" on the part of Marston, but also decided that Stone's belated raising of the issue constituted a waiver of any challenge he might have leveled against her.

While the parties note that the concepts of "evident partiality" and "waiver" could be further explored by our Court, we believe that this case does not provide the factual setting in which to do so. First, the facts here do not present a close case as to either issue. Second, there is nothing egregious about the award that was unanimously agreed upon by the arbitrators. Lastly, the District Court's reasoning as to all of the arguments raised – as set forth in its 35 page opinion – is in no need of amplification or improvement.

Accordingly, for the reasons set forth by the District Court, we will affirm.